OPINION
{¶ 1} This case is before us on the appeal of Thomas Alan Peck, II, from his conviction and sentence on charges of burglary and theft. Peck was originally charged with burglary and three counts of theft in connection with $17,300 allegedly stolen from Dorothy Ramsey. After pleading guilty to one count of burglary and one count of theft, Peck was sentenced to five years in prison on the burglary charge and 17 months on the theft charge. The sentences were to run concurrent to each other, but consecutive to sentencing in Clark County, Ohio. In addition, the sentence for burglary was the maximum sentence for that crime under R.C.2929.14(A)(3).
 {¶ 2} On appeal, Peck asserts the following assignments of error:
I. The trial judge abused his discretion by sentencing Defendant to a total of five years in prison.
II. The trial judge abused his discretion, and committed reversible error, by making Defendant's sentence consecutive to a sentence in Clark County, Ohio.
III. The trial court defense attorney was ineffective in the counsel that he provided to Defendant.
 {¶ 3} After considering the record and applicable law, we find that the first two assignments of error have merit. As a result, Peck's sentence will be vacated and we will remand this matter for re-sentencing.
 I {¶ 4} In the first assignment of error, Peck contends that the trial court abused its discretion by imposing the maximum sentence for a third degree felony. According to Peck, the trial court's only reason for imposing such a sentence was that Peck posed the "greatest likelihood of committing future crime." Peck believes the court's decision was based solely on the fact that Peck had committed a crime while under post release control. However, Peck was admittedly not under post release control at the time of the burglary. The trial court did acknowledge this error in an entry amending the original sentencing entry. Nonetheless, the court did not change its decision about the maximum sentence. Peck claims this was an abuse of discretion.
 {¶ 5} As a preliminary point, we note that we no longer review sentences for abuse of discretion. See R.C. 2953.08(G)(2). Instead, we may only take action regarding a sentence if we clearly and convincingly find that the record does not support the sentencing court's findings under R.C. 2929.13(B) or (D), R.C. 2929.14(E)(4), or R.C. 2929.20(H). We may also take action if we clearly and convincingly find that the sentence is otherwise contrary to law. Id.
 {¶ 6} Concerning maximum sentences, R.C. 2929.14(C) provides that a court:
 {¶ 7} "may impose the longest prison term authorized for the offense pursuant to division (A) of this section only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders under division (D)(3) of this section, and upon certain repeat violent offenders in accordance with division (D)(2) of this section."
 {¶ 8} The Ohio Supreme Court has held that if the trial court imposes the maximum prison term for an offense, the court must set forth its reasons for selecting the sentence. State v. Edmonson,86 Ohio St.3d 324, 328, 1999-Ohio-110.
 {¶ 9} In imposing sentence, the trial court made the following observations at the sentencing hearing:
 {¶ 10} "Court has reviewed the extensive and assaultive nature of defendant's record. Court finds that there will be a number of reasons and factors set forth for imposing prison.
 {¶ 11} "There, it would appear to the Court, that there are various times the defendant could have entered into programs to assist in stopping drug and alcohol usage and that didn't take place. Nature of the present conduct is such that the Court believes that protection of the public and punishment come before rehabilitation."
 {¶ 12} In the original sentencing entry, the court made further several findings, including a finding that Peck was currently serving a Clark County prison term and that Peck had also served a prior prison term. Additionally, the court listed its reasons for imposing prison. First, the court stated that Peck's conduct was more serious because he committed new offenses while under post-release control, had a history of criminal convictions and delinquency adjudications, did not respond favorably to previous sanctions, and did not show genuine remorse. The court also noted that the victim had suffered serious economic harm. After making these findings, the court then used the same facts to conclude that recidivism was likely. And finally, consistent with R.C.2929.14(C), the court stated that Peck posed the greatest likelihood of committing future offenses.
 {¶ 13} As we mentioned, the court later corrected its entry to indicate that Peck was not on post-release control when he committed the crimes involved in the present case. However, the court then said that the previously imposed sentence would remain in effect. In this regard, the court specifically stressed the assaultive nature of a number of Peck's convictions, and the fact that Peck had previous community control administrative terminations.
 {¶ 14} We have held in numerous cases that the trial court must link its factual findings to the conclusion that a defendant is among the group of offenders who pose the greatest likelihood of re-offending. See, e.g., State v. McManima, Clark App. No. 2001-CA-47, 2002-Ohio-2623, ¶ 30, and State v. Shepherd, Montgomery App. No. 19284,2002-Ohio-6790, ¶ 23.
 {¶ 15} Upon consideration, we cannot see any meaningful distinction between the present case and our prior decision in McManima. In McManima, the trial court found that the defendant was among the category of offenders with the greatest likelihood of re-offending.2002-Ohio-2623, ¶ 30. The trial court also found that the defendant had numerous prior criminal convictions, was under a community control sanction when she committed the current offense, and showed no remorse for her crime. Id. at ¶ 29. Nonetheless, we reversed and remanded for re-sentencing because the court failed to "link these findings to its conclusion that * * * [the defendant] is among the category of offenders posing the greatest likelihood of re-offending." Id. at ¶ 30.
 {¶ 16} In the present case, the trial court did mention various factors that could permit a finding that Peck was among the category of offenders who had the greatest likelihood to re-offend. However, the court did so in the context of giving its reasons for "imposing sentence." See May 31, 2002 Judgment Entry, p. 2.
 {¶ 17} The court's reference in this regard was to R.C. 2929.12, which discusses presumptions for imposing either prison or community control. Under R.C. 2929.12(C), there is no presumption in favor of either community control or a prison sentence for third degree felonies. Instead, "when deciding whether to impose a prison sentence for a third-degree felony, the court is directed by R.C. 2929.13(C) to comply with the purposes and principles of sentencing under R.C. 2929.11 and to consider the seriousness and recidivism factors defined in R.C. 2929.12."State v. Little, Butler App. No. CA2002-06-138, 2003-Ohio-1612, ¶ 6.
 {¶ 18} The trial court did discuss seriousness and recidivism factors in the entry, and those findings did provide a basis for imposing a prison sentence in lieu of community control for Peck's third degree felony conviction. However, the trial court clearly connected the findings to that point, not to the issue of whether Peck was among the category of offenders who posed the greatest likelihood of recidivism.
 {¶ 19} In view of the pre-sentence investigation report, which reveals that Peck had many prior arrests and convictions for crimes ranging from breaking and entering to assault, the trial court may well have found that Peck was among the category of offenders with the greatest likelihood of re-offending. However, this is not what the court said in its entry. We have stressed on various occasions that "the courtcannot merely pronounce causes that objectively may be its reasons. Thecourt must also identify which of those causes are the particular reasonsfor each of the statutory findings the court made." State v. Rothgeb, Champaign App. No. 02CA7, 2003-Ohio-465, ¶ 25 (emphasis in original).
 {¶ 20} Based on the above discussion, the first assignment of error has merit and is sustained. Accordingly, Peck's sentence will be reversed and vacated, and the case will be remanded to the trial court for sentencing consistent with this opinion.
 II {¶ 21} In the second assignment of error, Peck claims the trial court abused its discretion by making the sentences in the present case consecutive to a sentence that Peck was currently serving in Clark County, Ohio. Again, we do not use an abuse of discretion standard. See R.C. 2953.08(G)(2).
 {¶ 22} Under R.C. 2929.14(E)(4), consecutive sentences may be imposed:
 {¶ 23} "if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 {¶ 24} "(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 {¶ 25} "(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
 {¶ 26} "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
 {¶ 27} Again, findings supporting imposition of consecutive sentences must be made on the record and must be connected to the statutory requirements. See State v. Jones, 93 Ohio St.3d 391, 399,2001-Ohio-1341; Rothgeb, Champaign App. No. 02CA7, 2003-Ohio-465, ¶ 25; and Shepard, Montgomery App. No. 19284, 2002-Ohio-6790, ¶ 23. InRothgeb, we stressed that:
 {¶ 28} "[t]o achieve the foregoing goals with respect to consecutive sentences which are ordered, R.C. 2929.14(E)(4) and R.C.2929.19(B)(2)(c), read together, impose a process of substantiation. The court is permitted by R.C. 2929.14(E)(4) to order consecutive sentences only after certain findings are made. By requiring the court to then state the reasons for those findings, R.C. 2929.19(B)(2)(c) obliges the court to not only have reasons but also to state what those reasons are. Further, in stating its reasons the court must connect those reasons to the finding which the reason supports. The court cannot merely pronouncecauses that objectively may be its reasons. The court must also identifywhich of those causes are the particular reasons for each of thestatutory findings the court made.
 {¶ 29} "In [State v.] Wright, [Champaign App. No. 2001-CA-3,2001-Ohio-6981], we examined the `seriousness' factors that the court cited, as well as information from a presentence investigation report, and we concluded that the trial court had satisfied its obligations to state its reasons for the findings on which it imposed consecutive sentences. That exercise might determine that the court had reasons, but it does not identify what the court's reasons were in relation to the finding to which the reason pertains. We believe that R.C. 2929.14(E)(4) and R.C. 2929.19(B)(2)(c), read together impose a more definite standard than that, a standard that is not satisfied by our gleaning what the court's reasons may have been from what it said in general.
 {¶ 30} "The preferred method of compliance with these requirements is to set out each finding that R.C. 2929.14(E)(4) requires the court to make, and in relation to each the particular reason or reasons for making the finding that R.C. 2929.19(B)(2)(c) contemplates. An unrelated `laundry list' of reasons that doesn't correspond to the statutory findings the court makes presents a difficult puzzle to solve, and requires an appellate court to try to surmise what the trial court's reasons were. Those reasons may have been ample, and on the record correct. The court must nevertheless identify as to each finding . . . [what] its reason or reasons in fact were if the General Assembly's policy purposes . . . are to be met." 2003-Ohio-465, at ¶ 25-27 (emphasis in original) (parenthetical material added).
 {¶ 31} In the present case, the State concedes that the trial court did not comply with statutory requirements for imposing consecutive sentences. Specifically, the trial court failed to make any finding that "consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public." Although the State contends that such a finding may reasonably be implied from the list of factors the court considered, the State also admits that under Rothgeb, the reasons a court gives must explicitly address specifically stated findings.
 {¶ 32} Because the trial court failed to comply with statutory requirements for imposing consecutive sentences under R.C. 2929.14(E)(4), the second assignment of error has merit and is sustained. Consequently, the sentence will be reversed and vacated, and the case will be remanded for re-sentencing consistent with this opinion.
 III {¶ 33} In the final assignment of error, Peck contends that he was denied effective assistance of counsel because trial counsel failed to file a notice of appeal in a timely fashion. Peck also points to the fact that he was on prescription medicine, and, therefore, needed trial counsel to "look out" for him. And finally, Peck claims that he was never told that he would receive a sentence other than a drug treatment program. In fact, Peck contends that he would never have entered a plea if he had received proper legal counsel.
 {¶ 34} Peck's first argument is moot, since he was allowed to file an appeal, and has, in fact, prevailed. Therefore, trial counsel's ineffectiveness, even if true, has caused no harm. Peck's second claim is also without merit, since our review of the record indicates that the trial court fully complied with Crim. R. 11 in accepting Peck's plea. Moreover, the trial court specifically asked if Peck were on medication at the time of the plea. In response, Peck said that he did not take his medication that morning, because he wanted to have a "clear head" for the hearing.
 {¶ 35} Finally, the remaining allegations are not appropriate matters for direct appeal, since they depend on evidence that is outside the record. See, e.g., State v. Young, Greene App. No. 2002-CA-78,2003-Ohio-3052, ¶ 4. As we noted in Young, such claims may possibly be asserted in a petition for post-conviction relief. Id., citing Statev. Cooperrider (1983), 4 Ohio St.3d 226, 228-229.
 {¶ 36} Based on the preceding discussion, the third assignment of error is moot in part and is without merit in part. Accordingly, the third assignment of error is overruled.
 {¶ 37} For the above reasons, the third assignment of error is overruled, and the first and second assignments of error are sustained. Accordingly, the sentence of the trial court is reversed and vacated, and this matter is remanded for re-sentencing.
FAIN, P.J,. and GRADY, J., concur.